UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-cv-000590-MR

| | |
|---|---|
| DAMON DEMOND STAFFORD, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>TODD ISHEE, Secretary, North )<br>Carolina Department of Adult )<br>Correction,[1] and STEPHEN JACOBS, )<br>Warden of Scotland Correctional )<br>Institution, )<br>)<br>Respondents. )<br>_____ ) | ORDER |

**THIS MATTER** comes before the Court on the Petition for Writ of Habeas Corpus filed by the Petitioner pursuant to 28 U.S.C. § 2254 on November 1, 2021. [Doc. 1].

I. **BACKGROUND**

Damon Demond Stafford (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner was convicted in Gaston County Superior Court on November 27, 2001 of two counts of first-degree murder, two

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. North Carolina law mandates that the Secretary of the North Carolina Department of Adult Correction is the custodian of all state inmates. See N.C. Gen. Stat. § 148-4 (2023). Accordingly, Todd Ishee, the current Secretary of the North Carolina Department of Adult Correction, is the proper respondent in this action.

counts of robbery with a dangerous weapon, and felony breaking and entering. [Doc. 1 at 1-2]; State v. Stafford, 166 N.C. App. 118, 119-121 (N.C. Ct. App. 2004). The Petitioner was sentenced to two life sentences for the first-degree murder convictions, two sentences of 75 to 99 months' incarceration for the robbery convictions, and 10 to 12 months' incarceration for the breaking and entering conviction, with the sentences to run consecutively. [Id. at 2].

The Petitioner filed a direct appeal and while the appeal was pending, the trial court resentenced the Petitioner to two consecutive sentences of 77 to 102 months' incarceration for the robbery convictions. [Id.]. On September 7, 2004, the North Carolina Court of Appeals upheld the Petitioner's convictions, but reinstated the original sentence for the robbery convictions. [Id. at 3]. The Petitioner sought discretionary review by the North Carolina Supreme Court, which was denied on December 2, 2004. [Id. at 4]. State v. Stafford, 359 N.C. 196 (N.C. December 2, 2004). The Petitioner did not seek further review by the U.S. Supreme Court. [Id.].

The Petitioner filed a post-conviction Motion for Appropriate Relief ("MAR") in the Gaston County Superior Court on August 9, 2007, which was denied on October 4, 2007. [Id. at 5-6]. The Petitioner sought certiorari review of the MAR denial, which the North Carolina Court of Appeals denied

on November 8, 2007. [Id. at 9].

The Petitioner filed a second MAR in the Gaston County Superior Court on June 12, 2015, which was denied on August 7, 2015. [Id. at 7]. The Petitioner sought certiorari review of the MAR denial, which the North Carolina Court of Appeals granted on January 6, 2016 and scheduled an evidentiary hearing. [Id. at 9]. However, the certiorari petition was withdrawn. [Id.].

The Petitioner filed a third MAR in the Gaston County Superior Court on November 25, 2019, which was denied on July 23, 2020. [Id. at 9]. The Petitioner sought certiorari review of the MAR denial, which the North Carolina Court of Appeals denied on January 29, 2021. [Id. at 10].

The Petitioner filed his Petition for Writ of Habeas Corpus in this Court on November 1, 2021, raising claims of ineffective assistance of counsel. [Doc. 1].

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

3

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitation period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

The Petitioner's judgment of conviction was entered on November 27, 2001. [Doc. 1 at 1-2]. The North Carolina Court of Appeals upheld the Petitioner's convictions on September 7, 2004, and the North Carolina Supreme Court denied the Petitioner's petition for discretionary review on December 2, 2004. [Id. at 3-4]. The Petitioner's judgment of conviction became final on or about March 2, 2005, 90 days after the North Carolina Supreme Court denied his petition for discretionary review and when the time to file a petition for writ of certiorari in the United States Supreme Court expired. See Sup. Ct. R. 13.1 (setting 90-day time limit for filing a petition for

4

writ of certiorari); Clay v. United States, 537 U.S. 522, 527 (2003). The one-year statute of limitations for filing a federal § 2254 petition contained in the AEDPA then began running for 365 days until it expired on or about March 2, 2006. See 28 U.S.C. § 2244(d)(1).

The one-year limitation period for seeking § 2254 review may be tolled during the time of a "properly filed application for State post-conviction action." 28 U.S.C. § 2244(d)(2). However, the Petitioner did not file a post-conviction MAR in Gaston County Superior Court until August 9, 2007, which was more than a year after the limitations period expired. As such, the filing of the MAR would not have tolled the statute of limitations for seeking federal habeas review. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000)(recognizing that state applications for collateral review cannot revive an already expired federal limitations period). Therefore, the Petitioner's § 2254 petition filed in this Court on November 1, 2021 was well beyond the statute of limitations and is subject to dismissal as time-barred under § 2244(d)(1)(A) unless the Petitioner can show that he is entitled to statutory tolling under § 2244 (d)(1)(B)-(D), or that equitable tolling of the statute of limitations applies.[2]

---

[2] "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

5

As such, the Court will grant the Petitioner 21 days in which to explain why this matter should not be dismissed as untimely, including any reasons why the Court should apply statutory or equitable tolling.  See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner shall, within 21 days of entry of this Order, file a document explaining why his § 2254 Petition for Writ of Habeas Corpus should not be dismissed as untimely.  Failure to comply with this Order shall result in dismissal of the § 2254 Petition.

2. The Clerk of Court is respectfully directed to substitute Todd Ishee, Secretary of the North Carolina Department of Adult Correction as a proper Respondent in this action.

**IT IS SO ORDERED**.

Signed: May 2, 2023

Martin Reidinger
Chief United States District Judge